UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CATHERESA KRAEMER | * | |
| | * | CIVIL ACTION NO. 2:19-01186 |
| *Plaintiff,* | * | |
| | * | |
| vs. | * | JUDGE IVAN L.R. LEMELLE |
| | * | |
| PIPELINE CONSTRUCTION & | * | MAGISTRATE JUDGE |
| MAINTENANCE, INC. | * | DANA DOUGLAS |
| | * | |
| *Defendant* | * | |
| | * | |

## ANSWER

**NOW COMES** Defendant Pipeline Construction & Maintenance, Inc. ("Defendant"), and answers the First Amended and Restated Complaint filed by Plaintiff Catheresa Kraemer ("Plaintiff") as follows:

## DEFENSES

Defendant asserts the following affirmative and other defenses, but does not assume any burden of production or proof unless required by law:

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant denies that Plaintiff has suffered any emotional or other damage whatsoever as a result of any alleged actions taken by it, and any emotional or psychological condition allegedly suffered by Plaintiff is attributable to causes wholly independent of Defendant's alleged actions.  Plaintiff's claims are barred to the extent the injuries alleged in the Amended

and Restated Complaint were caused or enhanced by pre-existing or medical or psychiatric conditions and/or idiosyncratic reactions unrelated to the alleged conduct of Defendant.

### THIRD DEFENSE

Plaintiff has failed to meet all statutory and other conditions precedent to filing a claim for discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et. seq.*

### FOURTH DEFENSE

Plaintiff cannot establish a prima facie case of sex discrimination under Title VII or the Equal Pay Act.

### FIFTH DEFENSE

Plaintiff cannot prevail on her sex discrimination claim because she was compensated differently than other employees in good faith and for legitimate, non-discriminatory, and non-retaliatory reasons.

### SIXTH DEFENSE

Plaintiff cannot prevail on her sex discrimination claim because she cannot prove that the reason for compensating her differently was pretext.

### SEVENTH DEFENSE

Any and all of Defendant's employment decisions that may be at issue in this case had a legitimate and non-discriminatory basis.

### EIGHTH DEFENSE

Defendant did not treat Plaintiff differently, or worse, than any similarly situated men with respect to any term or condition of her employment.

## NINTH DEFENSE

The employment practices about which Plaintiff complains are not discriminatory or unlawful.

## TENTH DEFENSE

Defendant did not subject Plaintiff to any adverse employment action whatsoever because of her sex.

## ELEVENTH DEFENSE

Some of the conduct about which Plaintiff complains does not constitute an adverse employment action within the meaning of the Equal Pay Act or Title VII.

## TWELFTH DEFENSE

The jobs held by individuals alleged to be comparable were not substantially equal to the job held by Plaintiff.

## THIRTEENTH DEFENSE

The claim or claims asserted in Plaintiff's Amended and Restated Complaint do not provide a basis for punitive damages.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any pay differential about which she complains was made pursuant to factors other than her sex.

## FIFTEENTH DEFENSE

Plaintiff is barred from recovering some or all of the relief requested because Defendant's actions affecting her were not malicious, egregious, in bad faith, or in willful or reckless indifference or in disregard of her legal rights.

## SIXTEENTH DEFENSE

Plaintiff did not suffer emotional distress as a result of any action taken by the Defendant.

## SEVENTEENTH DEFENSE

Plaintiff's sex discrimination claim is limited by the scope of her Charge of Discrimination filed with the Equal Employment Opportunity Commission ("EEOC").

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred to the extent she waived them or is estopped from asserting them. Furthermore, Plaintiff is not entitled to equitable remedies because she has unclean hands.

## NINTEENTH DEFENSE

Plaintiff's purported claims for damages and relief are limited in whole or in part by statute.

## TWENTIETH DEFENSE

Plaintiff's purported claims for damages or relief are barred or must be reduced to the extent that she failed to mitigate her damages as required by law.

## TWENTY-FIRST DEFENSE

The damages of which Plaintiff complains, if such damages occurred, were caused by the acts or omissions of Plaintiff or by the acts or omissions of persons for whom Defendant bears no responsibility or liability.

## TWENTY-SECOND DEFENSE

Defendant had in place at all relevant times a discrimination policy which was operative during the course of Plaintiff's employment with Defendant and that Plaintiff did not, in accordance with that policy, promptly complain of any alleged discrimination during the course of her employment with Defendant.

**TWENTY-THIRD DEFENSE**

At all times relevant, Defendant acted in good faith with regard to Plaintiff and had reasonable grounds for believing its actions were not in violation of the law.

**TWENTY-FOURTH DEFENSE**

To the extent that any recovery on Plaintiff's Amended and Restated Complaint may either be completely or substantially barred due to after-acquired evidence, any recovery to which Plaintiff might otherwise be entitled must be appropriately offset.

**TWENTY-FIFTH DEFENSE**

Alternatively, Defendant pleads the applicable limits and caps imposed on compensatory and punitive damages under Title VII.

**TWENTY-SIXTH DEFENSE**

The Amended and Restated Complaint is completely void of merit, is frivolous, is unreasonable, and lacks foundation, such that Defendant is entitled to recover its attorneys' fees.

**TWENTY-SEVENTH DEFENSE**

Defendant is entitled to all just and lawful offsets and credits against damages (if any) to which Plaintiff may be entitled.

**TWENTY-EIGHTH DEFENSE**

Plaintiff is not entitled to recover tortious, liquidated, or statutory damages, penalties or attorney's fees under any federal or state law because Defendant engaged in good faith efforts to comply with all laws, adopted, and promulgated policies for the workforce, and acted in such a manner as to foreclose recovery of such damages.

Any allegations not specifically admitted herein are denied and Defendant reserves the right to supplement and amend these defenses as further discovery may warrant.

**AND NOW** answering the allegations of the Amended and Restated Complaint:

1.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of Plaintiff's Amended and Restated Complaint.

2.

Defendant admits the allegations in Paragraph 2 of Plaintiff's Amended and Restated Complaint.

3.

The allegations contained in Paragraph 3 of the Amended and Restated Complaint contain legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 3.

4.

The allegations contained in Paragraph 4 of the Amended and Restated Complaint contain legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 4.

5.

The allegations contained in Paragraph 5 of the Amended and Restated Complaint contain legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 5.

6.

The allegations contained in Paragraph 6 of the Amended and Restated Complaint contain legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 6.

7.

The allegations contained in Paragraph 7 of the Amended and Restated Complaint contain legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant does not contest this Court's personal jurisdiction over Plaintiff and Defendant.

8.

The allegations contained in Paragraph 8 of the Amended and Restated Complaint contain legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant does not contest this Court's jurisdiction and Defendant admits Plaintiff's action is brought pursuant to the Equal Pay Act and Title VII; however, Defendant specifically denies any wrongdoing in violations of the referenced statutes.

9.

The allegations contained in Paragraph 9 of the Amended and Restated Complaint contain legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant does not contest the venue in which this action was brought.

10.

The allegations contained in Paragraph 10 of the Amended and Restated Complaint contain legal conclusions that do not require a response from Defendant.  To the extent a response is required, Defendant denies the allegations in Paragraph 10 of the Amended and

Restated Complaint, except to admit Plaintiff filed a Charge of Discrimination with the Equal

Employment Opportunity Commission ("EEOC").  Further answering, Defendant avers that the

referenced document from Plaintiff speaks for itself and is the best evidence of its content.

11.

Defendant denies knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 11 of Plaintiff's Amended and Restated Complaint.

12.

In response to the allegations asserted in Paragraph 12 of the Amended and Restated

Complaint, Defendant reasserts and herby incorporates by reference any responses to the

allegations contained in all other paragraphs of the Amended and Restated Complaint.

13.

Defendant denies the allegations asserted in Paragraph 13 of the Amended and Restated

Complaint to the extent they differ from the referenced document.  Defendant avers that the

referenced document from Plaintiff speaks for itself and is the best evidence of its content.

14.

Defendant denies the allegations asserted in Paragraph 14 of the Amended and Restated

Complaint to the extent they differ from the referenced document.  Defendant avers that the

referenced document from Plaintiff speaks for itself and is the best evidence of its content.

15.

Defendant denies knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 15 of the Plaintiff's Amended and Restated Complaint.  Further

answering, Defendant avers that the referenced document from Plaintiff speaks for itself and is

the best evidence of its content.

16.

Defendant admits the allegations in Paragraph 16 of the Amended and Restated Complaint.

17.

Defendant denies the allegations in Paragraph 17 of the Amended and Restated Complaint, except to admit Plaintiff was hired on or around June 2, 2017.

18.

Defendant denies the allegations in Paragraph 18 of the Amended and Restated Complaint, except to admit Plaintiff was employed by Defendant from or around June 2, 2017 to or around September 28, 2018.

19.

Defendant denies the allegations in Paragraph 19 of the Amended and Restated Complaint, except to admit Plaintiff was the only female crane operator during her employment with Defendant.

20.

Defendant denies the allegations in Paragraph 20 of the Amended and Restated Complaint, except to admit Plaintiff worked at numerous job site locations for Defendant.

21.

Defendant denies the allegations in Paragraph 21 of the Amended and Restated Complaint.

22.

Defendant denies the allegations in Paragraph 22 of the Amended and Restated Complaint as written.

23.

Defendant denies the allegations in Paragraph 23 of the Amended and Restated Complaint, except to admit Plaintiff was paid $18.00 per hour as a Crane Operator for Defendant between June 2017 and October 2017.

24.

Defendant denies the allegations in Paragraph 24 of the Amended and Restated Complaint, except to admit Plaintiff was paid $20.00 per hour as a Crane Operator for Defendant between October 2017 and August 2018.

25.

Defendant denies the allegations in Paragraph 25 of the Amended and Restated Complaint as written, except to admit Plaintiff complained about being paid improperly.

26.

Defendant denies the allegations in Paragraph 26 of the Amended and Restated Complaint, except to admit Plaintiff was paid $21.00 per hour as a Crane Operator for Defendant between August 2018 and March 2018.

27.

Defendant denies the allegations in Paragraph 27 of the Amended and Restated Complaint, except to admit Plaintiff resigned on or around September 28, 2018.

28.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of Plaintiff's Amended and Restated Complaint.

29.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of Plaintiff's Amended and Restated Complaint.

30.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of Plaintiff's Amended and Restated Complaint.

31.

Defendant admits the allegations in Paragraph 31 of the Amended and Restated Complaint.

32.

Defendant denies the allegations in Paragraph 32 of the Amended and Restated Complaint.

33.

Defendant denies the allegations in Paragraph 33 of the Amended and Restated Complaint.

34.

Defendant denies the allegations in Paragraph 34 of the Amended and Restated Complaint.

35.

Defendant denies the allegations in Paragraph 35 of the Amended and Restated Complaint.

36.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of Plaintiff's Amended and Restated Complaint.

37.

Defendant denies the allegations in Paragraph 37 of the Amended and Restated Complaint.

38.

Defendant denies the allegations in Paragraph 38 of the Amended and Restated Complaint.

39.

Defendant denies the allegations in Paragraph 39 of the Amended and Restated Complaint, except to admit Plaintiff raised the issue of pay disparity.

40.

Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of Plaintiff's Amended and Restated Complaint.

41.

Defendant admits the allegations in the first sentence of Paragraph 41 of the Amended and Restated Complaint.  Defendant denies the allegations in the second sentence of Paragraph 41 of the Amended and Restated Complaint as written.

42.

In response to the allegations asserted in Paragraph 42 of the Amended and Restated Complaint, Defendant reasserts and herby incorporates by reference any responses to the allegations contained in all other paragraphs of the Amended and Restated Complaint.

43.

Defendant denies the allegations in Paragraph 43 of the Amended and Restated Complaint.

44.

Defendant denies the allegations in Paragraph 44 of the Amended and Restated Complaint.

45.

Defendant denies the allegations in Paragraph 45 of the Amended and Restated Complaint.

46.

Defendant denies the allegations in Paragraph 46 of the Amended and Restated Complaint.

47.

Defendant denies the allegations in Paragraph 47 of the Amended and Restated Complaint.

48.

In response to the allegations asserted in Paragraph 48 of the Amended and Restated Complaint, Defendant reasserts and herby incorporates by reference any responses to the allegations contained in all other paragraphs of the Amended and Restated Complaint.

49.

Defendant admits the allegations in Paragraph 49 of the Amended and Restated Complaint.

50.

Defendant denies the allegations in Paragraph 50 of the Amended and Restated Complaint.

51.

Defendant denies the allegations in Paragraph 51 of the Amended and Restated Complaint.

52.

Defendant denies the allegations in Paragraph 52 of the Amended and Restated Complaint.

53.

Defendant denies the allegations in Paragraph 53 of the Amended and Restated Complaint.

54.

Defendant denies the allegations in Paragraph 54 of the Amended and Restated Complaint.

55.

Defendant denies the allegations in Paragraph 55 of the Amended and Restated Complaint.

56.

Defendant denies the allegations contained in the Requested Relief section, including all subparts, of the Amended and Restated Complaint.

57.

Defendant requests trial by jury.

**WHEREFORE**, Defendant prays that this answer be deemed good and sufficient and, that after due proceedings are had there be judgment in its favor and against Plaintiff, rejecting all of her demands and dismissing her claims with prejudice and at her sole cost; and, that costs and attorneys' fees be awarded to Defendant for such other general equitable relief to which it may be entitled.  Defendant further prays for a trial by jury.

Respectfully submitted:

**ADAMS AND REESE LLP**


*/s/ Talbot M. Quinn*
LAUREN L. TAFARO (#29320)
TALBOT M. QUINN (#36632)
701 Poydras Street
Hancock Whitney Center, Suite 4500
New Orleans, LA 70139
Telephone:  (504) 581-3234
Facsimile: (504) 566-0210
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record via notice of electronic filing, email, fax or by placing same in the U.S. Mail, properly addressed and postage prepaid, this 26th day of March 2019.


*/s/ Talbot M. Quinn*